JUDGE ROBINSON

08 CV 4903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IRMA MARQUEZ,

                            Plaintiff,                 **COMPLAINT**

    -against-

POLICE OFFICER WAYNE SYMOES, POLICE
OFFICER STEPHEN WALLIN, POLICE
OFFICER JOHN LIBERATORE, POLICE
OFFICER TODD MENDELSON, DEPUTY CHIEF
EDWARD GEISS, DETECTIVE JAMES J.
McCABE, POLICE OFFICER RANCE
HOWARD, POLICE OFFICER INTERVALLE,
POLICE OFFICER ESTEVEZ, POLICE
OFFICER "JOHN DOE 1," POLICE OFFICER
"JOHN DOE 2," YONKERS POLICE
DEPARTMENT, and CITY OF YONKERS,      **JURY TRIAL DEMANDED**
                           Defendants.
------------------------------------------------------------------X

The plaintiff, complaining of the above-named defendants, by her counsel, Certain & Zilberg

PLLC, respectfully alleges the following:

## JURISDICTION

1. Jurisdiction is founded upon the existence of Federal Questions.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation,

   custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth

   and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. §

   1983 as well as pursuant to the common law of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. § 1391 (b) (1 & 2).

5. That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

agent of, the CITY OF YONKERS.

14. At all times referred to herein, defendant POLICE OFFICER INTERVALLE was a police officer assigned to the 4th Precinct YONKERS POLICE DEPARTMENT and employed by, and agent of, the CITY OF YONKERS.

15. At all times referred to herein, defendant POLICE OFFICER ESTEVEZ was a police officer assigned to the 4th Precinct YONKERS POLICE DEPARTMENT and employed by, and agent of, the CITY OF YONKERS.

16. At all times referred to herein, defendant POLICE OFFICER "JOHN DOE 1" was a police officer employed by, and agent of, the CITY OF YONKERS.

17. At all times referred to herein, defendant POLICE OFFICER "JOHN DOE 2" was a police officer employed by, and agent of, the CITY OF YONKERS.

18. At all relevant times, the defendant CITY OF YONKERS (hereinafter referred to as "CITY") was and is a municipal governmental entity organized and existing as such under and by the virtue of the laws of the State of New York.

19. Upon information and belief at all the times hereinafter mentioned the YONKERS POLICE DEPARTMENT (hereinafter referred to as "YPD"), is a department/political subdivision of the defendant CITY and is a municipal entity duly organized and existing under and by the virtue of the laws of the State of New York.

20. Upon information and belief, that at all times hereinafter mentioned, the defendant CITY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant the individual defendants to this action were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

3

21. Upon information and belief, that at all times hereinafter mentioned, the defendant CITY, its agents, servants and employees operated, maintained and controlled the YPD, including all the police officers and employees thereof.

22. The YPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the YPD is responsible for the policies, practices and customs of the YPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

23. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983, as well as the common law of the State of New York.

24. That a Notice of Claim was served on the defendant CITY on or about May 15, 2007 and that as of this date plaintiff's demand for payment and compensation has not yet been addressed by the defendants.

25. A 50H Hearing was conducted on May 27, 2008.

26. That this action is commenced within one year and 90 days of the conduct giving rise to the instant litigation.

27. That each and all of the acts of the defendants alleged herein were done by the defendants, as state actors acting under the color of law.

## STATEMENT OF FACTS

28. On March 3, 2007, at approximately 2:00 am, plaintiff was in the La Fonda Bar, located at 57

Palisades Avenue in Yonkers, New York.

29. Plaintiff's niece became unconscious and a call was placed for an ambulance.

30. Responding to a radio call reporting an unconscious woman, the Defendants WAYNE SYMOES, STEPHEN WALLIN, JOHN LIBERATORE, TODD MENDELSON, DEPUTY CHIEF EDWARD GEISS and other YPD Officers acting in their official capacity as YONKERS POLICE OFFICERS arrived at the location along with Yonkers Emergence Services Unit (ESU) Officers CHRISTOPHER KOWATCH, Badge No. 947 and MICHAEL MESSAR, Badge No. 566.

31. When the medically trained ESU Police Officers (KOWATCH and MESSAR) were placing an oxygen mask on plaintiff's unconscious niece, the concerned plaintiff leaned forward to get a better view of the assistance being provided by the ESU Officers.

32. When Plaintiff leaned forward Defendant WAYNE SIMOES and another Defendant Yonkers Officer pushed plaintiff Marquez into a third Defendant Yonkers Officer who also pushed plaintiff.

33. Defendant WAYNE SIMOES then approached IRMA MARQUEZ stepped behind her and placed his arms around her waist pinning her arms to her body.

34. Defendant WAYNE SIMOES then lifted IRMA MARQUEZ off the floor and then proceeded to drive her body, face first, into the ceramic tile floor of the restaurant.

35. As a result of the above IRMA MARQUEZ suffered a head injury with related loss of consciousness, memory loss, jaw fracture, two black eyes, facial contusions, severe swelling and bruising, hemorrhaging in both eyes, lacerations to the nose, chin and mouth, neck and back pain, bruising and/or lacerations about the back, arms, hands, right knee, right leg, right hip, right breast and various other harms. (See Appended Photographs, Exhibits #1, #2, #3

5

and #4)

36. Defendant WAYNE SIMOES then handcuffed the unconscious, seriously injured and bleeding plaintiff and again assaulted her while she was unconscious.

37. Defendant WAYNE SIMOES caused the plaintiff to be falsely charged with Obstructing Governmental Administration in the Second Degree, pursuant to New York State Penal Law § 195.05, a class "A" misdemeanor punishable by up to one year in jail, and Disorderly Conduct, a violation of New York State Penal Law § 240.20.(1), punishable by up to fifteen days in jail.

38. Defendant WAYNE SIMOES falsely alleged in the accusatory instrument that plaintiff physically blocked police officers who were attempting to render aid to an injured unconscious person, and despite repeated requests by police and others, did continue to physically interfere with police, preventing them from rendering first aid, causing alarm and annoyance to everyone present.

39. At the criminal trial of plaintiff IRMA MARQUEZ, under Yonkers City Court Docket No. 07-1440, Defendant WAYNE SIMOES testified that plaintiff IRMA MARQUEZ "pushed" and "pulled" on ESU Police Officer KOWATCH while he was rendering aid to plaintiff's unconscious niece.

40. Defendant WAYNE SIMOES made the above false statements under oath, maliciously and with knowledge that such statements were materially false.

41. At the criminal trial of plaintiff IRMA MARQUEZ, under Yonkers City Court Docket No. 07-1440, both ESU Officers, KOWATCH and MESSAR, testified that IRMA MARQUEZ in no way physically interfered with their rendering of medical aid to plaintiff's unconscious

niece.

42. At the criminal trial of plaintiff, under Yonkers City Court Docket No. 07-1440, Defendants WAYNE SYMOES, POLICE OFFICER JOHN LIBERATORE, POLICE OFFICER TODD MENDELSON, and DEPUTY CHIEF EDWARD GEISS knowingly and maliciously gave testimony that was materially false.

43. Upon information and belief, in meetings and communications with the Westchester District Attorney's Office in furtherance of the prosecution of plaintiff IRMA MARQUEZ, Defendants WAYNE SYMOES, POLICE OFFICER STEPHEN WALLIN, POLICE OFFICER JOHN LIBERATORE, POLICE OFFICER TODD MENDELSON, DEPUTY CHIEF EDWARD GEISS POLICE OFFICER DETECTIVE JAMES J. McCABE, POLICE OFFICER RANCE HOWARD, POLICE OFFICER INTERVALLE, POLICE OFFICER ESTEVEZ, POLICE OFFICER "JOHN DOE 1," POLICE OFFICER "JOHN DOE 2," knowingly and maliciously made false statements that were relied upon by the prosecution, and further encouraged, the continued prosecution of IRMA MARQUEZ.

44. At the conclusion of the trial the Plaintiff was acquitted of both false charges (New York State Penal Law §§ 195.05 & 240.20(1)).

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

7

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

46. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by the defendant WAYNE SIMOES, who assaulted plaintiff.

47. That the excessive force that the plaintiff was subjected to was effected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

48. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

49. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, receiving a head injury with related loss of consciousness, memory loss, a fractured jaw, two black eyes, facial contusions, severe swelling and bruising, hemorrhaging in both eyes, laceration to the nose, chin and mouth, neck and back pain, bruising and/or lacerations about the back, arms, hands, right knee, right leg, right hip, right breast and various other harms. (See Appended Photographs, Exhibits #1, #2, #3 and #4)  The Plaintiff

8

lost bodily functions, was subjected to physical pain, humiliation, embarrassment, anxiety and continues to be subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

50. That all the defendant officers who were present and who failed to intervene to prevent either the initial or subsequent assault on plaintiff by defendant WAYNE SIMOES are liable to the plaintiff via their failure to intervene to prevent the preventable harms and violations of plaintiff's rights committed in their presence.

51. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.


**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AND
FOURTEENTH AMENDMENTS
VIA FALSE ARREST**


52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.


53. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, as made applicable to the states via the Fourteenth Amendment to the United States Constitution in that the plaintiff was falsely arrested by the defendants.

54. That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, (at some points), plaintiff did not consent to confinement and confinement was not otherwise privileged.

55. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the  Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

56. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of the charged crimes.

57. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

58. That defendants Unidentified Yonkers Police Officers, named as POLICE OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2,"  who are supervisors within the defendant's YPD, who knew of the false arrest and continued to allow and/or order the illegal arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of her rights pursuant to the Fourth Amendment.

59. That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement, forced to attend court appearances, she incurred emotional harms, she suffered pecuniary harms, humiliation, mental anguish, embarrassment, anxiety, her reputation in the community was impaired and she was prevented from performing her necessary affairs of business and that she was otherwise injured.

60. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS plus an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH AND
## FOURTEENTH AMENDMENTS VIA
## MALICIOUS PROSECUTION

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

62. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

63. That the said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against

11

the plaintiff, the proceedings terminated in favor of the plaintiff by an acquittal on all charges and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

64.     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in jail as well as being forced to make court appearances, she incurred attorneys' fees and she was subjected to numerous other harms.

65.     That all the defendants who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

66.     That defendants Yonkers City Police Officers who are supervisors within the defendant YPD, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong are liable to the plaintiff for the violation of his rights pursuant to the Fourth Amendment.

67.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS she is entitled to an award of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF PLAINTIFF's RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 AND THE FOURTH AND**
**FOURTEENTH AMENDMENTS VIA**
**MALICIOUS ABUSE OF PROCESS**

12

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

69.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that the plaintiff was subjected to a malicious abuse of process by the defendants.

70.     That said malicious abuse of regularly issued process was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused regularly issued process to be generated and used against the plaintiff for the collateral purpose of distracting attention from the severe physical and mental injuries they inflicted on plaintiff.

71.     That by reason of the unlawful malicious abuse of process, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in jail as well as being forced to make court appearances, and she was subjected to numerous other harms.

72.     That all the defendants who knew of the commencement and continuation of the malicious abuse of process are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

73.     That defendants Unidentified Yonker's Police Officers, identified in the complaint as POLICE OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2," who are supervisors within the YPD, who knew of the malicious abuse of process and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation

failed to remedy the wrong are liable to the plaintiff for the violation of her rights

pursuant to the Fourth Amendment.

74.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

ONE MILLION ($1,000,000.00) DOLLARS she is entitled to an award of punitive

damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DEFENDANT YONKERS CITY
## i.e., MONELL CLAIM

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

76.     That the plaintiff's rights have been violated under the Fourth Amendment to the United

States Constitution as made applicable to the states via the Fourteenth Amendment by the

defendant, CITY.

77.     Defendant CITY and unidentified police officers, identified in the complaint as POLICE

OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2," who were

supervisors and final decision makers, as a matter of policy and practice, have acted with

a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution

and laws of the United States, in that they failed to adequately discipline, sanction, train,

retrain, investigate, supervise or otherwise direct police officers concerning the rights of

citizens, thereby causing the defendant officers in this case to engage in the above-

mentioned conduct.

78.    Defendant CITY, as well as unidentified police officers, identified in the complaint as

POLICE OFFICER "JOHN DOE 1," and POLICE OFFICER "JOHN DOE 2," who were

supervisors and final decision makers as a matter of policy and practice, have with

deliberate indifference failed to properly train, discipline, investigate, sanction and retrain

police officers, despite their knowledge of the recurring problem of violations of the

Constitutional rights of citizens by the use of excessive and unreasonable force and by

officers routinely generating false charges to coverup the use of excessive force as well as

by the ongoing failure of members of the YPD to intervene to prevent preventable

violations of individuals' rights by other officers and in so failing the defendant CITY has

caused, encouraged, condoned and allowed the defendants in this case, to engage in the

aforementioned unlawful conduct without fear of consequences for their illegal acts

which did cause the plaintiff to be subjected to deprivations of her civil rights.

79.    That the officers employed by the defendant CITY have so consistently and prolifically

violated individuals' rights via the use of excessive force that a federal investigation into

rampant civil rights abuses via the YPD has been ongoing.

80.    That the YPD maintains an Internal Affairs Division (IAD) which is purposefully and

intentionally ineffective in investigating allegations of excessive force and which exists

merely  to exonerate officers who in fact have subjected people to excessive force,

malicious prosecutions and various other violations of individuals' rights.

81.    That the Yonkers IAD did purposely conduct a fraudulent investigation into the beating

of the plaintiff in the instant matter which further contributed and failed to prevent the

plaintiff from being maliciously prosecuted.

82.     That because the defendant officers in the instant matter had/have no fear of internal reprisals for violating individuals' rights, they did in fact violate the plaintiff's rights in the instant matter and they did compound their violations of her rights by subjecting her to excessive force, by falsely alleging she had committed crimes, generating documents falsely alleging plaintiff had committed crimes, by giving false testimony and in and by failing to intervene to prevent the preventable violations of her rights committed in their presence.

83.     That by reason of defendant CITY deliberate indifference to the violations of plaintiff's civil rights, plaintiff was subject to the unlawful use of excessive and unreasonable force, plaintiff was harmed physically, receiving a head injury with related loss of consciousness, memory loss, a fractured jaw, two black eyes, facial contusions, severe swelling and bruising, hemorrhaging in both eyes, lacerations to the nose, chin and mouth, neck and back pain, bruising and/or lacerations about the back, arms, hands, right knee, right leg, right hip, right breast and the plaintiff was falsely arrested and maliciously prosecuted and she incurred attorney's fees and other pecuniary harms,  she was subjected to humiliation, embarrassment, anxiety, defamation in the community, she was confined and forced to appear in court and that she was and is still subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed.

84.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ELEVEN MILLION THREE HUNDRED THOUSAND ($11,300,000.00) DOLLARS,

and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## NEW YORK STATE LAW
## VIA FALSE ARREST

85.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

86.    That the plaintiff's rights have been violated by the defendants pursuant to the law of the

State of New York by the common law tort of false arrest and that New York CPLR §

1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

87.    That the defendants confined the plaintiff, in that plaintiff was not free to leave,

defendants intended to confine plaintiff, plaintiff was conscious of confinement (part of

the time), plaintiff did not consent to confinement and confinement was not otherwise

privileged.

88.    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and

immunities under the law of the State of New York being more particularly plaintiff's

right to be free from arrest without probable cause.

89.    That the said false arrest was caused by the defendants, without any legal justification,

without authority of the law and without any reasonable cause or belief that the plaintiff

was in fact guilty of the charged crimes.

90.    That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement,

she incurred emotional harms, humiliation, mental anguish, embarrassment, anxiety, her

17

reputation in the community was impaired and she was prevented from performing her necessary affairs of business and that she was otherwise injured.

91.    That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE HUNDRED THOUSAND  ($300,000.00) DOLLARS  plus an award of punitive damages.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA BATTERY

92.    Plaintiff repeats, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

93.    That the defendant CITY is vicariously liable to the plaintiff for the individual defendants' common law tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

94.    That defendant WAYNE SYMOES committed a battery on plaintiff in that his touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendant WAYNE SYMOES violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

95.    That by reason of the battery, the plaintiff was harmed physically, receiving a head injury with related loss of consciousness, memory loss, a fractured Jaw, two black eyes, facial contusions, severe swelling and bruising, hemorrhaging in both eyes, laceration to the

18

nose, chin and mouth, neck and back pain, bruising and/or lacerations about the back, arms, hands, right knee, right leg, right hip, right breast and various other harms. (See Appended Exhibit #1 and #2). The plaintiff lost bodily functions, was subjected to physical pain, humiliation, embarrassment, anxiety and that she was and is still subjected to various ongoing physical and emotional harms, and that the plaintiff was otherwise harmed as a result of the defendants actions.

96.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, and that plaintiff is entitled to an award of punitive damages.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
### NEW YORK STATE LAW
### ASSAULT

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

98.     That on the aforementioned date, time and place defendants committed the tort of assault against the plaintiff by causing her to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiffs' rights under New York law

99.     That the defendant CITY is vicariously liable to the plaintiff for the individual defendants' common law tort of assault via the principle of respondeat superior and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR §

19

1602(1)(b).

100. That by reason of the aforesaid, committed by defendants, plaintiff suffered and continues to suffer emotional injuries and that she was otherwise damaged.

101. That by reason of the aforesaid the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and that she is entitled to an award of punitive damages.

### AS AND FOR A NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### NEW YORK STATE TORT CLAIM
### NEGLIGENT HIRING, TRAINING AND RETAINING

102. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

103. That the defendant, CITY, was negligent, careless, reckless and deliberately indifferent in hiring, retaining, improperly training and supervising the individual defendants in that the said defendants lacked the experience, deportment, ability and temperament to be employed by the CITY, in that the CITY defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the individual defendants, employees who lacked the mental capacity, temperament and the ability to function as an employees of the YPD; failing to investigate the above-named defendants' backgrounds and in that defendant CITY hired and retained as employees of the department individuals who were unqualified in that the individual defendants lacked the maturity, sensibility, intelligence and self restraint to be employed when hired to be employees of

defendants CITY and YPD.

104.   That the defendant, CITY failed to train its employees to control their tempers and
exercise the proper deportment and temperament; to use force prudently and only when
necessary, and to otherwise act as reasonably prudent police officers; and in that the
defendant CITY failed to give its employees proper instruction as to their deportment,
behavior and conduct as representatives of their employer; and in that the defendant
CITY, its agents, servants and employees were otherwise reckless, careless, deliberately
indifferent and negligent.

105.   That the defendant, CITY hired and retained as employees violent persons with a
propensity for violence.

106.   That the defendant, CITY hired and retained as employees dishonest persons with a
propensity for dishonesty.

107.   That the aforesaid occurrences and resulting injuries to plaintiff's mind, body and
pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of
the defendant CITY, its agents, servants and employees without any negligence on the
part of the plaintiff.

108.   That by reason of the negligence of the defendant CITY, plaintiff was subject to the
unlawful use of excessive and unreasonable force, a battery, plaintiff was harmed
physically, receiving a head injury with related loss of consciousness, memory loss, a
fractured jaw, two black eyes, facial contusions, severe swelling and bruising,
hemorrhaging in both eyes, laceration to the nose, chin and mouth, neck and back pain,
bruising and/or lacerations about the back, arms, hands, right knee, right leg, right hip,

21

right breast and the plaintiff was falsely arrested and maliciously prosecuted and she

incurred attorney's fees and other pecuniary harms, she was subjected to humiliation,

embarrassment, anxiety, defamation in the community, she was confined and forced to

appear in court and that she was and is still subjected to various ongoing physical and

emotional harms, and that the plaintiff was otherwise harmed.

109.    That by reason of the aforesaid, the plaintiff been has damaged in a sum not to exceed

ELEVEN MILLION THREE HUNDRED THOUSAND ($11,300,000.00) DOLLARS,

and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed TEN
MILLION ($10,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in
a sum not to exceed THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and punitive
damages on the Second Cause of Action; in a sum not to exceed ONE MILLION
($1,000,000.00) DOLLARS and punitive damages on the Third Cause of Action; in a sum not to
exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fourth Cause
of Action; in a sum not to exceed ELEVEN MILLION THREE HUNDRED THOUSAND
($11,300,000.00) DOLLARS on the Fifth Cause of Action; in a sum not to exceed  THREE
HUNDRED THOUSAND ($300,000.00) DOLLARS and punitive damages on the Sixth Cause
of Action; in a sum not to exceed TEN MILLION  ($10,000,000.00) DOLLARS and punitive
damages on the Seventh Cause of Action; in a sum not to exceed FIVE HUNDRED
THOUSAND ($500,000.00) DOLLARS on the Eighth Cause of Action; and in a sum not to
exceed ELEVEN MILLION THREE HUNDRED THOUSAND ($11,300,000.00) DOLLARS
on the Ninth Cause of Action; plaintiff is entitled to an award of reasonable attorney's fees
pursuant to 42 U.S.C. § 1988 on all her federal causes of actions together with costs and
disbursements of this action on all causes of action; a trial by jury of all issues involved in this
complaint; and such other and further relief as this Court may deem just and proper under the
circumstances.

Dated: May 23, 2008
       New York, New York

_____
Gary T. Certain, Esq. [GTC-7509]
Certain & Zilberg, PLLC
Counsel to Plaintiff
535 Fifth Avenue, 23rd Floor
New York, New York 10017
Telephone: (212) 687-7800
E-Mail: gcertain@certainlaw.com

**PLEASE TAKE NOTICE:** THAT PLAINTIFF MAINTAINS THE RIGHT TO AMMEND THE COMPLAINT TO INCLUDE A NEW YORK STATE CLAIM FOR MALICIOUS PROSECUTION WHICH AT THIS TIME IN NOT YET RIPE GIVEN THE RECENT AQUITAL OF THE PLAINTIFF.

23





