WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for the Defendants
Wayne Simoes, Stephen Wallin, John
Liberatore, Todd Mendelson, Edward
Geiss, James J. McCabe, Rance Howard,
Peter Intervalle, Jacqueline Estevez and
the City of Yonkers
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn: John M. Flannery (JF-0229)
        Peter A. Meisels (PM-5018)
        Lalit K. Loomba (LL-9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
IRMA MARQUEZ,

|  |  |
|---|---|
| Plaintiff, | Docket No.: |
|  | 08 CV 4903(SCR)(GAY) |

-against-

POLICE OFFICER WAYNE SYMOES, POLICE
OFFICER STEPHEN WALLIN, POLICE OFFICER
JOHN LIBERATORE, POLICE OFFICER TODD
MENDELSON, DEPUTY CHIEF EDWARD GEISS,
DETECTIVE JAMES J. McCABE, POLICE OFFICER          **ANSWER**
RANCE HOWARD, POLICE OFFICER INTERVALLE,
POLICE OFFICER ESTEVEZ, POLICE OFFICER "JOHN
DOE 1," POLICE OFFICER "JOHN DOE 2," YONKERS
POLICE DEPARTMENT and CITY OF YONKERS,

Defendants.

--------------------------------------------------------------------x

The defendants Wayne Simoes (sued herein as "Wayne Symoes"), Stephen Wallin, John

Liberatore, Todd Mendelson, Edward Geiss, James J. McCabe, Rance Howard, Peter Intervalle,

(sued herein as "Police Officer Intervalle"), Jacqueline Estevez (sued herein as "Police Officer

Estevez"), and the City of Yonkers, (sued herein as "The City of Yonkers" and "City of Yonkers

2028673.3

Police Department") (the "City") by their attorneys, Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, as and for their answer to the complaint respectfully allege as follows:

## Jurisdiction

1.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 1 of the complaint, and respectfully refer all questions of law to the
Court.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 2 of the complaint, and respectfully refer all questions of law to the
Court.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 3 of the complaint, and respectfully refer all questions of law to the
Court.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 4 of the complaint, and respectfully refer all questions of law to the
Court.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 5 of the complaint, and respectfully refer all questions of law to the
Court.

## Parties

6.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations included in ¶ 6 of the complaint.

2028673.3

7.      Deny the truth of the allegations included in ¶ 7 of the complaint, except admit that Wayne Symoes was employed by the City on March 3, 2007.

8.      Deny the truth of the allegations included in ¶ 8 of the complaint, except admit that Stephen Wallin was employed by the City on March 3, 2007.

9.      Deny the truth of the allegations included in ¶ 9 of the complaint, except admit that John Liberatore was employed by the City on March 3, 2007.

10.     Deny the truth of the allegations included in ¶ 10 of the complaint, except admit that Todd Mendelson was employed by the City on March 3, 2007.

11.     Deny the truth of the allegations included in ¶ 11 of the complaint, except admit that Edward Geiss was employed by the City on March 3, 2007.

12.     Deny the truth of the allegations included in ¶ 12 of the complaint, except admit that James J. McCabe was employed by the City on March 3, 2007.

13.     Deny the truth of the allegations included in ¶ 13 of the complaint, except admit that Rance Howard was employed by the City on March 3, 2007.

14.     Deny the truth of the allegations included in ¶ 14 of the complaint, except admit that Peter Intervalle was employed by the City on March 3, 2007.

15.     Deny the truth of the allegations included in ¶ 15 of the complaint, except admit that Jacqueline Estevez was employed by the City on March 3, 2007.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶16 of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 17 of the complaint.

18.     Admit the truth of the allegations included in ¶ 18 of the complaint.

19.     Deny the truth of the allegations included in ¶ 19 of the complaint, except admit that the Yonkers Police Department is a department of the City.

20.     Deny the truth of the allegations included in ¶ 20 of the complaint, except admit that the City is a municipal corporation and that Wayne Symoes, Stephen Wallin, John Liberatore, Todd Mendelson, Edward Geiss, James McCabe, Rance Howard, Peter Intervalle and Jacqueline Estevez were acting as City employees on March 3, 2007 at the time of the incident alleged in the complaint, and respectfully refer all questions of law to the Court.

21.     Deny the truth of the allegations included in ¶ 21 of the complaint, except admit that the Yonkers Police Department is a department of the City and the members of the Yonkers Police Department are employed by the City.

22.     Deny the truth of the allegations included in ¶ 22 of the complaint, except admit that the Police Commissioner of the City of Yonkers is the appointing official for the Yonkers Police Department.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 23 of the complaint, and respectfully refer all questions of law to the Court.

24.     Deny the truth of the allegations included in the complaint, except admit that what is purported to be a notice of claim was served on the City on or about May 15, 2007 and that no payment has been made to the plaintiff.

25.     Deny the truth of the allegations included in ¶ 25 of the complaint, except admit that a 50(h) hearing was conducted on or about May 27, 2008.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 26 of the complaint.

2028673.3

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 27 of the complaint, and respectfully refer all questions of law to the Court.

## Statement of Facts

28.     On information and belief, admit the truth of the allegations included in ¶ 28 of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 29 of the complaint.

30.     Deny the truth of the allegations included in ¶ 30 of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 31 of the complaint.

32.     Deny the truth of the allegations included in ¶ 32 of the complaint.

33.     Deny the truth of the allegations included in ¶ 33 of the complaint.

34.     Deny the truth of the allegations included in ¶ 34 of the complaint.

35.     Deny the truth of the allegations included in ¶ 35 of the complaint.

36.     Deny the truth of the allegations included in ¶ 36 of the complaint.

37.     Deny the truth of the allegations included in ¶ 37 of the complaint.

38.     Deny the truth of the allegations included in ¶ 38 of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 39 of the complaint.

40.     Deny the truth of the allegations included in ¶ 40 of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 41 of the complaint.

42.    Deny the truth of the allegations included in ¶ 42 of the complaint.

43.    Deny the truth of the allegations included in ¶ 43 of the complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations included in ¶ 44 of the complaint.

### First Cause of Action

45.    Defendants repeat, reiterate and reallege each and every response included in the prior paragraphs.

46.    Deny the truth of the allegations included in ¶ 46 of the complaint.

47.    Deny the truth of the allegations included in ¶ 47 of the complaint.

48.    Deny the truth of the allegations included in ¶ 48 of the complaint.

49.    Deny the truth of the allegations included in ¶ 49 of the complaint.

50.    Deny the truth of the allegations included in ¶ 50 of the complaint.

51.    Deny the truth of the allegations included in ¶ 51 of the complaint.

### Second Cause of Action

52.    Defendants repeat, reiterate and reallege each and every response included in the prior paragraphs.

53.    Deny the truth of the allegations included in ¶ 53 of the complaint.

54.    Deny the truth of the allegations included in ¶ 54 of the complaint, except admit that plaintiff was placed under arrest and was not free to leave.

55.    Deny the truth of the allegations included in ¶ 55 of the complaint.

56.    Deny the truth of the allegations included in ¶ 56 of the complaint.

57.    Deny the truth of the allegations included in ¶ 57 of the complaint.

58.    Deny the truth of the allegations included in ¶ 58 of the complaint.

2028673.3

59.    Deny the truth of the allegations included in ¶ 59 of the complaint.

60.    Deny the truth of the allegations included in ¶ 60 of the complaint.

### Third Cause of Action

61.    Defendants repeat, reiterate and reallege each and every allegation included in the prior paragraphs.

62.    Deny the truth of the allegations included in ¶ 62 of the complaint.

63.    Deny the truth of the allegations included in ¶ 63 of the complaint.

64.    Deny the truth of the allegations included in ¶ 64 of the complaint.

65.    Deny the truth of the allegations included in ¶ 65 of the complaint.

66.    Deny the truth of the allegations included in ¶ 66 of the complaint.

67.    Deny the truth of the allegations included in ¶ 67 of the complaint.

### Fourth Cause of Action

68.    Defendants repeat, reiterate and reallege each and every allegation included in the prior paragraphs.

69.    Deny the truth of the allegations included in ¶ 69 of the complaint.

70.    Deny the truth of the allegations included in ¶ 70 of the complaint.

71.    Deny the truth of the allegations included in ¶ 71of the complaint.

72.    Deny the truth of the allegations included in ¶ 72 of the complaint.

73.    Deny the truth of the allegations included in ¶ 73 of the complaint.

74.    Deny the truth of the allegations included in ¶ 74 of the complaint.

### Fifth Cause of Action

75.    Defendants repeat, reiterate and reallege each and every response included in the prior paragraphs.

7

76.     Deny the truth of the allegations included in ¶ 76 of the complaint.

77.     Deny the truth of the allegations included in ¶ 77 of the complaint.

78.     Deny the truth of the allegations included in ¶ 78 of the complaint.

79.     Deny the truth of the allegations included in ¶ 79 of the complaint.

80.     Deny the truth of the allegations included in ¶ 80 of the complaint.

81.     Deny the truth of the allegations included in ¶ 81 of the complaint.

82.     Deny the truth of the allegations included in ¶ 82 of the complaint.

83.     Deny the truth of the allegations included in ¶ 83 of the complaint.

84.     Deny the truth of the allegations included in ¶ 84 of the complaint.

### Sixth Cause of Action

85.     Defendants repeat, reiterate and reallege each and every allegation included in the prior paragraphs.

86.     Deny the truth of the allegations included in ¶ 86 of the complaint.

87.     Deny the truth of the allegations included in ¶ 87 of the complaint, except admit that plaintiff was placed under arrest and was not free to leave.

88.     Deny the truth of the allegations included in ¶ 88 of the complaint.

89.     Deny the truth of the allegations included in ¶ 89 of the complaint.

90.     Deny the truth of the allegations included in ¶ 90 of the complaint.

91.     Deny the truth of the allegations included in ¶ 91 of the complaint.

### Seventh Cause of Action

92.     Defendants repeat, reiterate and reallege each and every allegation included in the prior paragraphs.

8

93.    Deny the truth of the allegations included in ¶ 92 of the complaint, and

respectfully refer all question of law to the Court.

94.    Deny the truth of the allegations included in ¶ 94 of the complaint.

95.    Deny the truth of the allegations included in ¶ 95 of the complaint.

96.    Deny the truth of the allegations included in ¶ 96 of the complaint.

**Eighth Cause of Action**

97.    Defendants, repeat, reiterate and reallege each and every response included in the

prior paragraphs.

98.    Deny the truth of the allegations included in ¶ 98 of the complaint.

99.    Deny the truth of the allegations included in ¶ 99 of the complaint, and

respectfully refer all questions of law to the Court.

100.    Deny the truth of the allegations included in ¶ 100 of the complaint.

101.    Deny the truth of the allegations included in ¶ 101 of the complaint.

**Ninth Cause of Action**

102.    Defendants repeat, reiterate and reallege each and every response included in the

prior paragraphs.

103.    Deny the truth of the allegations included in ¶ 103 of the complaint.

104.    Deny the truth of the allegations included in ¶ 104 of the complaint.

105.    Deny the truth of the allegations included in ¶ 105 of the complaint.

106.    Deny the truth of the allegations included in ¶ 106 of the complaint.

107.    Deny the truth of the allegations included in ¶ 107 of the complaint.

108.    Deny the truth of the allegations included in ¶ 108 of the complaint.

109.    Deny the truth of the allegations included in ¶ 109 of the complaint.

2028673.3

## As and for a First Affirmative Defense

110.    Plaintiff fails to state a claim for which this Court may grant relief.

## As and for a Second Affirmative Defense

111.    This Court lacks jurisdiction over the individually named defendants Wayne Simoes, Stephen Wallin, John Liberatore, Todd Mendelson, Edward Geiss, James J. McCabe, Rance Howard, Peter Intervalle and Jacqueline Estevez by virtue of insufficient service of process.

## As and for a Third Affirmative Defense

112.    There was probable cause to arrest the plaintiff.

## As and for a Fourth Affirmative Defense

113.    There was probable cause to prosecute the plaintiff.

## As and for a Fifth Affirmative Defense

114.    The individual defendants Wayne Simoes, Stephen Wallin, John Liberatore, Todd Mendelson, Edward Geiss, James J. McCabe, Rance Howard, Peter Intervalle and Jacqueline Estevez are protected by the doctrine of qualified immunity.

## As and for a Sixth Affirmative Defense

115.    If, as alleged, plaintiff's civil rights were violated, such violation did not occur pursuant to any policy, custom or practice of the City of Yonkers or at the direction of any policy-making official.

## As and for a Seventh Affirmative Defense

116.    Plaintiff failed to serve a timely notice of claim regarding all of the state law claims included in the complaint.

10

### As and for an Eighth Affirmative Defense

117.    Plaintiff failed to serve a timely notice of claim naming all of the individually named defendants who are municipal employees.

### As and for a Ninth Affirmative Defense

118.    The Yonkers Police Department is not an independent entity capable of being sued.

### As and for a Tenth Affirmative Defense

119.    Punitive damages may not be awarded against a municipality.

WHEREFORE, the defendants pray that judgment be entered dismissing the complaint, together with the costs, disbursements and attorneys' fees incurred in the defense of this action.

Dated:  White Plains, New York
        June 25, 2008

> WILSON, ELSER, MOSKOWITZ, EDELMAN &
> DICKER LLP
> Attorneys for Defendants
> Wayne Simoes, Stephen Wallin, John
> Liberatore, Todd Mendelson, Edward
> Geiss, James J. McCabe, Rance Howard,
> Peter Intervalle, Jacqueline Estevez and
> the City of Yonkers
>
> By: _____
>        Peter A. Meisels (PM-5018)
>
> 3 Gannett Drive
> White Plains, NY  10604
> (914) 323-7000
> File No. 05781.00017

11

2028673.3